UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
NONIE PEGORARO
                                Plaintiff,

                        -against-           Civil Action No.: CV10/00051
ERNESTO MARRERO, Individually and in his capacity as Corporate Compliance Officer;
NEW YORK CITY HEALTH AND HOSPITAL CORPORATION;
ALAN AVILES, PRESIDENT, NEW YORK CITY HEALTH AND HOSPITAL CORPORATION;
CITY OF NEW YORK
                                Defendants,
------------------------------------------------------------------x

**PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO RESPOND TO DISCOVERY REQUESTS AND PRODUCE WITNESSES FOR EXAMINATION.**

**PRELIMINARY STATEMENT**

The Plaintiff filed a complaint, and an amended complaint alleging that she was terminated from employment with the Defendants because she was a whistle blower and that her termination was in violation of law. She also alleged that she was terminated in violation of her First Amendment rights. The parties are currently in discovery. Discovery is scheduled to end on July 15, 2011.

The Defendants have objected to plaintiff's request to depose Mr. Aviles, President of the Corporation and Dr. Ramanathan Raju, Executive Vice president, solely on the ground that these witnesses are high agency officials (See Exhibit E page 1). Defendants also object to Plaintiff's request to depose Ms. Lisa Lee and Mr. Louis Panarella, two investigators from defendants' Inspector General's office. These investigators met with Plaintiff several times in 2009 and assured her that a comprehensive investigation of her complaint will be

conducted and that she will be protected from retaliation. Plaintiff informed the investigators upon her termination that she believes her termination was a retaliation and was informed by her whistle blowing activities. The investigators commenced a prompt investigation of the complaint of retaliation by the Plaintiff holding two meetings with her after her termination. Defendants' Inspector General confirmed to Plaintiff that the report of its investigations are only shared with Mr. Aviles' office. (See Amended Complaint at paragraph 190 )

The defendants have objected to the deposition of the investigators on the ground that there is an open investigation. (See Exhibit E, page 1). There is no evidence on the record that the I.G. has indicated to the Defendants that investigations would be compromised. Additionally, the Defendants have refused to produce records of investigations by the I.G. that would produce relevant evidence that are discoverable. The defendants simply cited law enforcement privilege and have refused to produce a privilege log notwithstanding such request from the Plaintiff since February 15, 2011 when Plaintiff served her Request for Documents (See Exhibit C, page 1)

Defendants' counsel did advise the Court that he has not seen or reviewed the documents relating to the I.G's investigation of Plaintiff's retaliatory termination. He nevertheless declined to produce the reports.

## STATEMENT OF FACTS

Defendants served their interrogatories and Request for Documents on October 27, 2010. Plaintiff responded on January 31, 2011. On February 15, 2011 Plaintiff

served her Document Requests, Interrogatories and Notices of Deposition for ten witnesses (See Exhibit C page 1).

The Defendants provided responses to the Request for documents and Interrogatories and were advised that their responses were deficient by a letter dated June 7, 2011. (See Exhibit E pages 8 thru 19) The defendants declined to supplement their responses.

The deficiency noted in defendants' responses were communicated to them and reproduced in Exhibit E, pages 8 thru 19.

The Interrogatories from plaintiff and the responses and objections from the defendants are reproduced in Exhibit D.

The Documents Requests from Plaintiff and Defendant's responses and objections are reproduced in Exhibit B. Extensive efforts by Plaintiff to resolve the discovery disputes are embodied in Exhibits C and E.

**DOCUMENT REQUESTS**

Plaintiff requested documents regarding previous whistle blower litigation against Marrero for purpose of notice and to show intentional acts by Marrero to retaliate against whistle blowers. Defendants refused to produce the documents. (Request No. 3) Exhibit E, page 9. Defendants also refused to produce notes of interviews conducted by its agents in reference to the Investigation of Plaintiff's complaint of retaliation. (See Exhibit E, page 10; Request #5)

Defendants refused to produce notes of investigations and interviews by staff of the Inspector General. (I.G.) The Plaintiff has argued that she needs this

notes to refute Marrero's answer and to prosecute her case and establish her eligibility to return to work. (Exhibit E, page 10; Request Nos. 12 and 14).

Defendants also refused to produce copies of documents relating to lawsuit by former employees against Marrero and HHC in regard to whistle blowing. This is also needed for notice and intent (Exhibit E, page 11, request No.15). The Defendants did not produce copies of emails between Plaintiffs and other employees, including Marrero and Dr. Raju, amongst others. These correspondence would show the anger and disapproval directed towards Plaintiff for fighting corruption and will attack Marrero's defense that Plaintiff is unfit for her job. (Request No. 19, Exhibit E page 12)

Defendants refused to produce a copy of Marrero's Personnel folder. This information is needed because it documents Marrero's troubling history of retaliation and should document Plaintiff correspondence to Mr. Aviles expressing concern when he (Marrero) was made Compliance Officer (Request No. 26, Exhibit E, page 12.)

**INTERROGATORIES**

The Defendants did not respond to Interrogatories requesting identification of cases based on whistle blowing filed against Marrero (No.1); The identification of tapes of interview of witnesses in the investigation of Plaintiff's complaint of retaliation; The identifications of reports written on the Investigation(No.6); The identification of individuals who were contacted by Mr. Aviles and Mr. Marrero in this case (No 8)  This information is necessary as Mr. Aviles personally approved the termination when he should have known that it was unjust and retaliatory.

See Exhibit A page HHC 0087. Plaintiff has a right to probe into this communications.

Defendants refused to provide an identification of research programs terminated or suspended during Plaintiff's tenure as a result of non compliance. This is relevant because Marrero claimed that Plaintiff mishandled the research crisis in Harlem Hospital while Plaintiff denies the claim. Defendants refused to identify ethical and non ethical complaints against Marrero by Deborah Gregory, a former Plaintiff who filed ethics complaints against Marrero and was retaliated against (No 11, Exhibit E page 17). This is needed for notice.

Defendants did not identify the written warnings provided to them by Jean Gatewood of NYU Medical school who informed Defendants that Marrero has tendencies to ignore ethics and compliance matters. This interrogatory goes towards notice (No. 15) .Defendants did not identify the audits conducted at Harlem Hospital during Plaintiff's tenure although they have claimed that she caused problems at Harlem Hospital and her audits were contrary to HHC procedure (No. 17)

Defendant did not identify reports provided by Huron Consulting , an outfit hired by Plaintiff with executive approval to audit the research process. The audit validated Plaintiff's suspicion of wide spread abuse in the research process. Plaintiff did not engage in solo improper audit process as Defendants claimed and this information is relevant to prosecute Plaintiff's case (No 19).

Defendants did not respond to Interrogatory No. 24 which requests identification of audits conducted by Plaintiff at Bellevue Hospital in reference to Research Billing Controls.

This audit indicted Marrero for poor accounting process and the Plaintiff has argued that the audit was a factor in her termination by Marrero.

The Defendants did not identify the discussions which were not privileged between Richard Levy Esq. and Plaintiff relating to warning to the Plaintiff from Mr. Levy directing the Plaintiff not to talk to the New York Times or the Press and that she would be terminated if she talks.

**DEPOSITION WITNESSES**

Dr. Ramanathan Raju

Dr. Raju was Plaintiff's supervisor. The Plaintiff has alleged that Dr. Raju targeted her for retaliation (Amended Complaint @59) Dr. Raju told Joanne Lischin, then Deputy Corporate Compliance Officer and Stan Pruszynski, former HHC Corporate Compliance Officer that he was going to terminate Plaintiff but could not do it because she knows too much and /or because she already spoke to the executive committee. [Complaint @ 124, See Deposition of Lischin @ 48 (Exhibit F); See Affirmation of Pegoraro (Exhibit G) and Affirmation of Stanley Pruszynski. (Exhibit H)

PRESIDENT ALAN AVILES

Mr. Aviles Is the President of the Corporation. He was the signatory who signed off and reviewed all Human Research agreements that outlined how affiliates will comply with HHC rules. (See exhibit G). Mr. Aviles was advised directly by the Plaintiff of the problems with Harlem Hospital IRB. (Institutional Review Board) Documentation problems and he approved Plaintiff's plan to correct the problems.

6

Mr. Aviles approved all the actions initiated by the Plaintiff and had enough confidence in the Plaintiff to ask his daughter to talk to Plaintiff about studying at Georgetown University campus in the Middle Eastern country of Qatar.

**Lisa Lee and Louis Panarella**

Ms. Lee and Mr. Panarella are investigators with HHC I.G's office assigned to investigate Plaintiff's case. (See complaint generally). The I.G. assured Plaintiff that retaliation for whistle blowing will not be allowed (See exhibit G)

STANDARD OF REVIEW

The discovery permitted under the Federal rules of Civil Procedure "is broad, but not without limits." Jones v Goord, No 95 CIV.8026 (GEL), 2002 WI 1007614, at 5 (S.D.N.Y. May 16, 2002) Under Rule 26, as amended in 2000 parties "may obtain discovery regarding any matter not privileged, that is relevant to the claim or defense of any party. " FED.R.CIV.P.26(b) (1). The amendment narrowed the scope of permissible discovery to ensure that the focus would be on the parties' claims and defenses involved in the action.

When judicial intervention is invoked, the actual scope of discovery should be determined according to the reasonable needs of the action. FED.R.CIV.P.26(b) (1) advisory committee's note. In addition, where necessary "to protect a party or person from annoyance ,embarrassment, oppression, or undue burden or expense," the Court may enter any protective order that is necessary, including " that the disclosure or discovery not be had" Rule 26 (c)

7

(1). Rule 26 vests the trail judge with broad discretion to tailor discovery narrowly." Crawford-El v Britton, 523 U.S. 574, 598,118 S. Ct. 1584 (1998); see also Kunsler v City of New York, No. 04CIV1145 (RWS)(MHD),2006 WL 2516625, at 11 (S.D.N.Y. Aug 29, 2006) ( Rule 26 "gives the court broad discretion to tailor discovery to the needs of the case and the interests of the discovered party"); Tri-Star Pictures, Inc v Unger, 171 F.R.D.94, 102 (S.D.N.Y. 1997) (Rule 26 "directs a court to examine the burdens potentially borne by the various parties if the contemplated discovery is preformed, and to limit such if it determines that the burdens or expenses of the discovery outweighs the benefits." ).

To prevail on its objection the objecting party must do more than simply intone the familiar litany that the [requests] are burdensome, oppressive or overly broad. Compaigne Francaise D'Assurance Pour Le Commerce Exteriur v. Phillips Petroleum Co., 105, FRD 16,42 (S.D.N.Y.1984). Where a party resists discovery of certain Information, that party bears the burden to 'clarify and explain precisely why its objections are proper. " Melendez v. Griener, No. 01 Civ07888 SAS DF, 2003 WL 22434101,Mat 1( S.D.N.Y.Oct.23,2003). General and consolatory objections as to relevance, over breadth, or burden are insufficient to exclude discovery of requested information. "Id. The court in deciding discovery issues is afforded broad discretion, See Wills v Amerada Hess Corp, 379F.3d 32, 41(2d Cir.2004)

ARGUMENT

POINT 1

8

The Plaintiff has alleged that she was terminated in a retaliatory manner for her role as a whistle blower and has sought recoveries under several theories. She has also alleged a violation of her First Amendment Rights. The interrogatories and the Requests for Documents are relevant to supporting the Plaintiff's claim that she did her work diligently and that her termination by Marrero because of Complaints from researchers was pretextual. Her employee performance evaluation was distinguished. (See also Exhibit A pages HHC 0086-0090.) Marrero terminated Plaintiff for pretextual reasons and then attempted to justify it by citing alleged complaints from private researchers who did not like Plaintiff's strict enforcement policies. President Aviles approved Plaintiff's actions. Plaintiff did not engage in any solo efforts. Plaintiff has a right to probe Mr. Aviles about these facts.

Dr. Raju made it clear to others he would like to terminate Plaintiff but she knows too much. He told Plaintiff he considered speaking to the New York Times disloyal. Complaint @177, 178. He was aware of fraud and waste discovered by plaintiff. He also targeted Plaintiff for retaliation by isolating and ignoring her (See Amended Complaint at 59). Dr. Raju was the individual who gave plaintiff outstanding performance rating for 2007-2008 year and was her supervisor at HHC at that time. Plaintiff has a right to ask Dr.Raju about his "disloyal" comments; the comment that he wanted to terminate her but she knows too much and to probe him regarding her performance evaluations and subsequent claims of gross incompetency by Marrero who supervised Plaintiff for less than twenty days with only two contacts with plaintiff during the period.

Investigators Lisa Lee and Louis Panarella

The two investigators investigated the complaint of retaliation by plaintiff. They assured Plaintiff that complainants to the IG will not be retaliated against. They commenced investigations and interviewed Plaintiff and other employees. The I.G. has informed plaintiff that its reports are only provided directly to the President of the Corporation. The investigation is about the complaint filed by Plaintiff and Plaintiff should have the right to depose these investigators. Interestingly, Defendant Counsel have said he has not reviewed records of the investigations or notes of the investigations with the IG neither has the IG specifically objected to testifying.

WHEREFORE, Plaintiff requests that the Court compel the Defendants to provide all discovery requested by Plaintiff including depositions and that the Court grants costs, all relief in law and equity, and relief in accordance with Rule 37 of the FRCP.

Dated: July 11, 2011

Respectfully submitted
The Law Offices of Albert Van-Lare
80 Wall Street
NY,NY 10005
(212)608-1400
Attorneys for Plaintiff

Albert Van-Lare

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

NONIE PEGORARO

                Plaintiff,

            -against-                Civil Action No.: 10 CIV 0051

ERNESTO MARRERO, Individually and in his capacity as Corporate Compliance Officer;

NEW YORK CITY HEALTH AND HOSPITAL CORPORATION;

ALAN AVILES, PRESIDENT, NEW YORK CITY HEALTH AND HOSPITAL CORPORATION;

CITY OF NEW YORK

                Defendants,

-----------------------------------------------------------------x

CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of July 2011, Plaintiff filed Memorandum of Law in support of Motion to compel Defendants to Produce Discovery Requests and deposition witnesses with the clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following attorneys for the Defendant at:

The Corporation Counsel
City of New York
100 Church Street
 NY NY 10007
Daniel Chiu Esq.

/s/Albert Van-Lare

Albert Van-Lare

80 Wall Street NY NY 10005

Attorney for Plaintiff