UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NONIE PEGORARO,                                    :

               Plaintiff,              :

    -against-                                          :   **MEMORANDUM AND ORDER**

ERNESTO MARRERO, INDIVIDUALLY AND     :   10 Civ. 00051 (AJN)(KNF)
IN HIS CAPACITY AS CORPORATE
COMPLIANCE OFFICER; NEW YORK CITY     :
HEALTH AND HOSPITAL CORPORATION;
ALAN AVILES, PRESIDENT, NEW YORK CITY :
HEALTH AND HOSPITAL CORPORATION;
CITY OF NEW YORK,                                   :

               Defendants.           :
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      Before the Court is a motion by the defendants and non-parties Lisa Lee ("Lee") and Louis Panarella ("Panarella") "for reconsideration of the Order, dated May 29, 2012, and upon reconsideration, [an order] quashing subpoenas seeking the depositions of defendant Alan Aviles ("Aviles") and non-parties Lisa Lee and Louis Panarella, and granting defendants and non-parties costs, fees, and disbursements."  The plaintiff opposes the motion.

*Movants' Contentions*

      The movants seek reconsideration of the May 29, 2012 order, denying their motion "for an order, pursuant to Rules 26, 37, and 45 of the Federal Rules of Civil Procedure" ("motion to quash the subpoenas"[1]).  The movants make two arguments, namely that the plaintiff:

---

[1] Although the movants' motion is for a protective order, pursuant to Rule 26, quashing subpoenas, pursuant to Rules 45 and 37 of the Federal Rules of Civil Procedure, for convenience, the Court will refer to it as the motion to quash the subpoenas.

(1) "should not be permitted to reopen discovery and obtain depositions by materially misleading the court"; and (2) "should not be awarded attorneys' fees."  With respect to the first argument, the movants contend that "it is factually incorrect that defendants misled plaintiff by not informing her that defendants objected to the deposition until after the close of discovery," because the "plaintiff was informed on <u>multiple</u> occasions, and prior to the close of discovery, that defendants objected to plaintiff's proposed depositions of Alan Aviles, Lisa Lee, and Louis Panarella."  According to the movants, an e-mail message, "dated June 9, 2011, a month <u>before</u> discovery was due to close, . . . refers to prior conversations between defendants and plaintiff's counsel in which [the movants'] position [that they would not be produced for their depositions] had been stated," but the plaintiff "waited a month, until July 11, 2011, four days before the close of discovery, to move to compel depositions of Aviles, Lee, and Panarella."  Moreover, the movants assert that Exhibit B to the declaration of their counsel, Daniel Chiu ("Chiu"), demonstrates that, "on June 30, 2011, in that same period following the June 9, 2011 e-mail, the parties agreed to a deposition schedule that did not include Aviles, . . . Lee, or Panarella," which shows that the parties did not agree to depose these persons.  The movants contend that the plaintiff cannot produce "any evidence whatsoever that defendants ever agreed to produce or voluntarily permit the depositions of Aviles, . . . Lee, or Panarella."  They assert it was "improper for plaintiff to falsely represent to the Court that defendants misled plaintiff into believing she could depose" these persons.

      The movants also contend that the Court should "reconsider its determination that defendants are precluded from arguing the November 2, 2011, order is law of the case because of the April 6, 2012, order," because the April 6, 2012 order "never stated nor held that plaintiff was permitted to depose Aviles, Lee, or Panarella"; it "simply permitted plaintiff 'to attempt to

examine orally Alan Aviles, . . . Lisa Lee, and Louis Panarella' to allow the parties to litigate, once again, the deposition of Aviles, . . . Lee, and Panarella." According to the movants, "[b]eing permitted to attempt to orally examine witnesses is not the equivalent to an order permitting plaintiff to orally examine witnesses"; thus, they "should not be precluded from arguing law of the case, nor does it alter the prior determination, that plaintiff did not properly notice the depositions of Aviles, Lee, and Panarella while discovery was open."

The movants contend that "the Court should reconsider its decision reopening discovery 'to permit plaintiff to examine orally Aviles, Lee and Panarella,'" because discovery closed on July 15, 2012 and the "plaintiff never filed a motion to seek to reopen discovery." The movants maintain that "for plaintiff to properly reopen discovery after it had closed, plaintiff is required to do so by motion and demonstrate good cause for failing to act within the time provided," and the defendants should have an opportunity "to consider, evaluate, and oppose plaintiff's written arguments rather than be forced to respond and be bound to respond to oral arguments that are heard for the first time during a telephonic conference, which was not included in plaintiff's opposition to the motion to quash."

With respect to the second argument concerning attorneys' fees, the movants contend the "Court should reconsider its decision awarding plaintiff attorney's fees," because the "defendants did not engage in any conduct that warrants the award of attorney's fees." Moreover, the movants contend, "[a]lthough the majority of plaintiff's motion [to compel] was denied, the Court did not award defendants attorney's fees," so, similarly, the "plaintiff should not be awarded attorney's fees here."

***Plaintiff's Contentions***

The plaintiff contends she did not misrepresent any facts to the Court because she

3

presented "evidence that the Plaintiff was not aware until June 9, 2011 that the witnesses[, Aviles, Lee and Panarella,] would not be produced," and, despite the movants' counsel's statement in his June 9, 2011 e-mail message to the plaintiff's counsel that he "mentioned this before," the movants "completely fail to present any e-mail, document or record which clearly and precisely state that Defendants informed the Plaintiff with full knowledge before June 9, 2011 that the witnesses would not be produced as previously agreed upon." Moreover, the plaintiff asserts, she did not wait until four days before the end of discovery to file her motion to compel, that "motion was filed based on the schedule set by the court."

The plaintiff maintains that the movants failed to mention "any controlling case law or any new evidence in their memorandum of law." According to the plaintiff, the movants received "notice that sanctions may be imposed since May 9, 2012," pursuant to 28 U.S.C. § 1927, because "[t]he Defendants have continued to re-litigate the same issue over and over again," and had an opportunity to respond. Furthermore, they failed "to put forward any reasonable or logical reasoning, as well as fail[ed] to put forward any relevant case law," in connection with their attorney's fees contentions.

***Legal Standard***

Local Civil Rule 6.3 of this court provides for a motion for reconsideration or reargument, requiring the movant to set forth, in a memorandum of law, "concisely the matters or controlling decisions which counsel believes the Court has overlooked. . . . No affidavits shall be filed by any party unless directed by the Court." Local Civil Rule 6.3.

> The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. . . . Admittedly, a motion to

4

>reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.

Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995).

"To be entitled to reargument under Local Rule [6.3, the movant] must demonstrate that the court overlooked controlling decisions or factual matters that were put before the court on the underlying motion." Ashley Meadows Farm, Inc. v. Am. Horse Shows Assoc., Inc., 624 F. Supp. 856, 857 (S.D.NY. 1985).

*Application of Legal Standard*

> Declaration In Support of the Motion for Reconsideration

In support of their motion for reconsideration, the movants submitted Chiu's declaration, attached to which are: (1) Exhibit A, "a true copy of an e-mail from Daniel Chiu to Albert Van Lare, [the plaintiff's counsel,] dated June 9, 2011"[2]; and (2) Exhibit B, "a true copy of an e-mail from Daniel Chiu to Albert Van Lare, dated June 30, 2011."[3] The movants did not seek, and the Court did not authorize them to file their counsel's "Declaration in Support of Motion for Reconsideration" with Exhibits A and B. See Williams v. Citigroup Inc., 659 F.3d 208, 214 n.3 (2d Cir. 2011) (leaving to the district court the discretion to decide whether to permit the filing of a declaration, since Local Civil Rule 6.3 "prohibits the filing of affidavits in support of motions for reconsideration or reargument absent court order."). Moreover, the movants did not explain why they failed to proffer Exhibits A and B on their motion to quash the subpoenas.

---

[2] The movants' Exhibit A, became part of the record prior to the instant motion, see Docket Entry No. 42, Exhibit E, and was also proffered in support of the plaintiff's opposition to the movants' motion to quash the subpoenas, namely, in the opposition to the movants' argument that the deposition notices were not timely. See Docket Entry No. 76, page Nos. 6-7.

[3] The movants' Exhibit B has not been proffered by any party prior to the instant motion for reconsideration.

5

Accordingly, the Court will not consider, in determining the instant motion, the movants' unauthorized declaration and the exhibits attached to it.

### Overlooked Controlling Decisions

The movants do not contend, explicitly, that the Court overlooked any controlling decisions put before it in their motion to quash the subpoenas. However, the movants contend that "the Court should reconsider its decision reopening discovery 'to permit plaintiff to examine orally Aviles, Lee and Panarella,'" because Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure requires the plaintiff to "demonstrate good cause for failing to act within the time provided," and, since the "[p]laintiff never filed a motion seeking to reopen discovery[,] . . . discovery should not have been reopened absent a written motion by plaintiff with an opportunity for defendants to consider, evaluate, and oppose plaintiff's written arguments." The movants appear to suggest that the Court overlooked Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, in making its May 29, 2012 decision.

In their motion papers for an order to quash the subpoenas, the movants neither put their argument based on Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure before the Court nor did they mention that Rule. In the opposition to the movants' motion to quash the subpoenas, the plaintiff requested, "[t]o avoid needless discovery motion practice[,] . . . sixty days from the time the Court opinion on this motion is filed to complete discovery," Docket Entry No. 76, page nos. 18-19. In their reply to the plaintiff's opposition, Docket Entry No. 80, the movants neither addressed the plaintiff's request nor raised the argument they attempt to raise, for the first time, in their motion for reconsideration: that the plaintiff's request for an enlargement of time should be denied, because it must be made via a Rule 6(b)(1)(B) motion. Since the movants did not put Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure before the Court in their motion to quash

the subpoenas, or make any arguments in connection with it, the Court did not overlook that Rule and need not address the movants' argument, made for the first time, in their motion for reconsideration.  See Ashley Meadows Farm, Inc., 624 F. Supp. at 857.

    Overlooked Matters

The movants do not point to any matter, put before the Court in their motion to quash subpoenas, that the Court overlooked.  However, they contend that "it is factually incorrect that defendants misled plaintiff by not informing her that defendants objected to the depositions until after the close of discovery."  The plaintiff did not misrepresent to the Court during the April 4, 2012 conference, as the movants contend, that "defendants misled plaintiff by not informing her that defendants objected to the depositions until after the close of discovery."  On the contrary, the plaintiff stated, during the April 4, 2012 conference, that "[t]he period of discovery had ended sometime in July and that is when I came back to court requesting permission to be able to conduct these depositions."  The Court's statement, in its May 29, 2012 decision, that "after the discovery deadline expired she was told that the movants would not be produced for the deposition," was erroneous.  The defendants informed the plaintiff, on June 9, 2011,[4] that Aviles Lee and Panarella would not be produced for depositions, and the discovery deadline was July 15, 2011; thus, the plaintiff was told that the movants would not be produced for the deposition prior to the discovery deadline, not after the discovery deadline, as the Court stated.  However, this error was not material to, and it does not alter, the Court's finding, in its May 29, 2012

---

[4] Despite the movants' argument that they informed the plaintiff "on multiple occasions" that they would not be produced for depositions, no evidence was presented, on the motion to quash the subpoenas or prior to that motion, to corroborate the movants' contention.  The evidence in the record demonstrates that, on June 9, 2011, the movants informed the plaintiff that they would not appear for their depositions.

memorandum and order, that "the plaintiff informed the Court that prior to the expiration of the original deposition notices and discovery deadline she agreed to accommodate the movants' requests to reschedule their depositions after being misled into believing that she would be able to depose the movants." That finding was based on the plaintiff's argument, in her opposition to the movants' motion to quash, that "Depositions and Discovery are Timely" because: (a) she "originally scheduled Defendants depositions during the second and third week of March 2011"; (b) "[t]hese dates were cancelled to accommodate Defendants' scheduling conflicts and [to provide an] opportunity to receive Defendants' discovery responses"; (c) "Defendants requested adjournments of depositions scheduled for [the movants]"; and (d) "Defendants thereafter refused to produce them, forcing Plaintiff to request that Defendants be compelled." The plaintiff's argument that "Depositions and Discovery are Timely," in her opposition to the movants' motion to quash the subpoenas, explains in greater detail the argument she made during the April 4, 2012 conference, as stated in the May 29, 2012 memorandum and order, namely, that she was "misled into believing that she would be able to depose the movants" when she rescheduled the original March 2011 deposition dates to accommodated the movants' "scheduling conflicts," just to be told by the movants, subsequently, that the movants would not be produced for their depositions. In their reply, the movants failed to address the plaintiff's argument under the heading "Depositions and Discovery are Timely," made in her opposition to the movants' motion to quash the subpoenas. Therefore, since the movants did not point to any matter they put before the Court, in their motion to quash the subpoenas, that the Court overlooked and that might reasonably be expected to alter the conclusion reached by the Court, their motion to reconsider cannot be granted on this ground. See Shrader, 70 F.3d at 257.

The movants contend that the Court should "reconsider its determination that defendants are precluded from arguing the November 2, 2011, order is law of the case because of the April 6, 2012, order," since the "Court's April 6, 2012, Order never stated nor held that plaintiff was permitted to depose Aviles, Lee, or Panarella," but only permitted the plaintiff "to attempt to examine orally Alan Aviles, . . . Lisa Lee, and Louis Panarella." However, the movants do not point to any matter that the Court overlooked in its decision related to the movants' argument — made in their motion to quash the subpoenas — that the November 2, 2011 denial of the plaintiff's motion to compel depositions, to which the plaintiff did not object, is the law of the case. It appears that the movants are suggesting that the Court overlooked their argument — made in their motion to quash the subpoenas — that "the November 2nd order did not authorize" the depositions of Aviles, Lee and Panarella, and the plaintiff "cannot now claim that the order somehow authorized those depositions." Docket Entry No. 80. Although the movants do not indicate explicitly what matter the Court overlooked that was put before it on the movants' motion to quash the subpoenas, in connection with the movants' argument that the subpoenas are barred by the law of the case, the Court finds that it did not overlook its November 2, 2011 and April 6, 2012 orders, or the movants' argument, as the Court addressed those matters, specifically, in its May 29, 2012 decision.

The movants contend that the Court should "reconsider its decision awarding plaintiff's attorney's fees" because "defendants did not engage in any conduct that warrants the award of attorney's fees," and "[a]s defendants were not awarded attorney's fees, plaintiff should not be awarded attorney's fees. However, the movants do not point to any matter, put before the Court in their motion to quash the subpoenas, that the Court overlooked. Despite Rule 26(c)(3), and the plaintiff's request for attorney's fees in her opposition to the motion to quash the subpoenas,

the movants failed to make any arguments concerning the plaintiff's attorney's fees request previously, and cannot do so, for the first time, on the motion for reconsideration.

## *Conclusion*

The movants failed to point to any controlling decisions or matter that the Court overlooked. Accordingly, their motion for reconsideration, Docket Entry No. 90, is denied.

Dated: New York, New York  
　　　　August 1, 2012

SO ORDERED:

_____  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE