UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NONIE PEGORARO,
                    Plaintiff,

          -v-

ERNESTO MARRERO, ET AL,
                    Defendants.
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: SEP 0 4 2012

10 Civ. 00051 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

Defendants object to a determination of the magistrate judge in this matter to deny their motion to quash subpoenas seeking the depositions of Defendant Alan Aviles and non-parties Lisa Lee and Louis Panarella, and allowing attorney's fees to the Plaintiffs for their expenses

## I.    BACKGROUND AND PROCEDURAL HISTORY

On July 11, 2011, Plaintiff moved, among other things, to compel the deposition of Aviles, Lee, and Panarella. (D.E. 23). On August 25, 2011, this motion was denied without prejudice because Plaintiff failed to comply with Local Rule 7.1. (D.E. 33) Plaintiff re-filed this motion, which was again denied on November 2, 2011, because Plaintiff had not submitted evidence that she had served notices of depositions on the relevant witnesses. (D.E. 48 at 6-8).

On April 6, 2012, after a telephone conference two days earlier, the Court reopened discovery "solely to permit the plaintiff to attempt to examine orally Alan Aviles, Dr. Ramanathan Raju, Lisa Lee, and Louis Panarella." (D.E. 60). Plaintiff subsequently served subpoenas on Aviles, Lee, and Panarella, which Defendants moved to quash. (D.E. 64-66, 70-71). On May 29, 2012, the magistrate judge issued an order denying the request to quash. (D.E. 84 at 15-16). Defendants sent objections to the Court via letter on June 12, 2012, opposing these determinations and to which Plaintiff responded on July 9, 2012. At the same time, Defendants

moved for reconsideration before the magistrate judge, asking that this Court defer resolution of their objections until the magistrate judge ruled on the request for reconsideration. The magistrate judge denied the request for reconsideration on August 1, 2012. (D.E. 107).

## II. ANALYSIS

### a. Legal Standard

A district court will reconsider a magistrate judge's order on pretrial matters such as discovery disputes only where it has been shown that the order is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b); Fed. R. Civ. Proc. 72. A magistrate judge's order is clearly erroneous when the Court is left with "the definite and firm conviction that a mistake has been committed." *Moore v. Publicis Groupe SA*, 2012 U.S. Dist. LEXIS 19857 (S.D.N.Y. Feb. 14, 2012) (citing *Mobil Shipping and Transp. Co. v. Wonsild Liquid Carriers, Ltd.*, 190 F.3d 64, 67-68 (2d Cir. 1999)). A decision is contrary to law when the magistrate failed to apply or misapplied the relevant statutes, case law, or rules of procedure. *Id.* This standard of review is highly deferential, affording the magistrate judge broad discretion in resolving discovery disputes, and allows reversal only on a finding of abuse of discretion. *Id.* Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. *See Lyondell-Citgo Ref., LP v. Petroleos de Venez., S.A.*, 2004 U.S. Dist. LEXIS 26076 (S.D.N.Y. Dec. 24, 2004) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985) and finding no clear error in reviewing a determination that certain documents were not privileged because the relevant documents could be interpreted several different ways); *see also United States v. Massey*, 2012 U.S. App. LEXIS 5334 (2d Cir. Mar. 14, 2012). "Thus, a party seeking to overturn or modify a discovery order bears a heavy burden." *Lyondell-Citgo Ref., LP v. Petroleos de Venez., S.A.*, 2004 U.S. Dist. LEXIS 26076 (S.D.N.Y. Dec. 24, 2004).

b. **Application**

Defendants advance several arguments why the depositions should not go forward. First, they contend that they "object to the reopening of discovery" and that Plaintiff has not shown good cause and excusable neglect to support reopening discovery. (Obj. at 2). However, the order reopening discovery for these purposes was the April 6, 2012 order, to which Defendants did not object in a timely fashion. *See* Fed. R. Civ. Proc. 72. Moreover, Defendants did not make this argument before the magistrate judge in their motion to quash, review of which is currently before this Court. (D.E. 107 at 6). Courts generally do not consider new arguments or new evidence raised in objections to a magistrate judge's determination that were not presented to the magistrate judge. *See Jones v. Smith*, 2012 U.S. Dist. LEXIS 64032, at *21-22 (S.D.N.Y. May 7, 2012); *Azkour v. Little Rest Twelve, Inc.*, 2012 U.S. Dist. LEXIS 42210, at *7-8 (S.D.N.Y. Mar. 27, 2012); *Chalasani v. Daines*, 2011 U.S. Dist. LEXIS 113650, at *4 n.3 (E.D.N.Y. Sept. 26, 2011).

Second, Defendants contend that the magistrate judge's decision effectively reversed the November 2, 2011 order based on the erroneous determination that Defendants misled Plaintiff into believing that she would be able to depose the movants but then retracted this agreement after the expiration of the discovery deadline. (Obj. at 2-4; D.E. 84 at 12). Specifically, Defendants argue that they informed Plaintiff that the depositions would not go forward well before the close of discovery in a June 9, 2011 e-mail that, in fact, prompted Plaintiff's motion to compel and was referenced in the November 2, 2011 Order. (Obj. at 2-4). However, in addressing Defendants' motion for reconsideration, the magistrate judge noted this error but held that the error was "not material to, and does not alter, the Court's finding." (D.E. 107 at 7-8). In particular, the magistrate judge explained that, notwithstanding the timing of when Defendants

3

told Plaintiff that they would not allow the depositions to proceed, it appeared that Plaintiff was misled into withdrawing her deposition notices at Defendants request due to scheduling conflicts, believing she would be able to depose these witnesses. (D.E. 107 at 8). Moreover, the magistrate judge's decision also rested on an alternative basis, namely that Defendants cannot argue that the November 2, 2011 order was law of the case after having failed to object to the April 6, 2012 order reopening discovery to allow these depositions. (D.E. 84 at 12-13). Defendants' objections to this Court do not address this point. The Court cannot say that the magistrate judge's decision on this point was "clearly erroneous or contrary to law."

      Third, Defendants argue that it is improper to allow the deposition of Aviles because he is a high-level government official, for whom a deposition should be allowed only if it is "necessary in order to obtain relevant information that cannot be obtained from any other source" and "the deposition would not significantly interfere with the ability of the official to perform his governmental duties." (Obj. at 4-5 (citing, *e.g.*, *Bey v. City of New York*, 2007 U.S. Dist. LEXIS 76464, at *3 (S.D.N.Y. Oct. 15, 2007)). Defendants contend that Plaintiff "has not attempted to meet th[at] standard" and that her attempt to depose Aviles is abusive. (Obj. at 5). The magistrate judge, however, expressly found that Plaintiff "presented evidence that Aviles supported her termination and that she interacted and communicated with him in connection with specific job duties she performed" and thus "Aviles has particular information she cannot obtain otherwise due to the nature of her relationship with him." (D.E. 84 at 13). The Court has reviewed Plaintiffs' declaration which notes, *inter alia*, that that she interfaced with Aviles (*see e.g.*, Pegoraro Decl. ¶¶ 7-8, 10, 12); that she wrote him a memo to express concerns about retaliation against whistleblowers (Pegoraro Decl. ¶ 13); that Aviles approved her audits (Pegoraro Decl. ¶ 18); that she apprised him of issues related to Columbia University's research

4

programs relevant to this litigation (Pegoraro Decl. ¶¶ 23-29); and that that he personally approved her termination (Pegoraro Decl. ¶ 32). As the magistrate judge noted and Defendants do not appear to contest, no declaration was submitted by Aviles countering Plaintiff's declaration or explaining how the deposition would interfere with his duties. (D.E. 84 at 13). Again, the Court cannot say that the magistrate judge's decision was clearly erroneous or contrary to law.[1]

Fourth, Defendants argue that the magistrate judge erred in permitting the depositions of Lee and Panarella, arguing that the testimony Plaintiff seeks is protected by the law enforcement privilege. In support, Defendants have submitted Lee's declaration, which asserts that there are certain ongoing investigations of Plaintiff's complaints which would be compromised by allowing these depositions. However, Defendants have not addressed the magistrate judge's conclusion that their claim of privilege is not appropriately brought at this juncture because the law enforcement privilege is properly asserted to preclude specific questions, rather than entire depositions, and the Court cannot assess the claims of privilege as presently postured. (D.E. 84 at 14 (*quoting Maher v. Monahan*, 2000 WL 648166, at *4 (S.D.N.Y. May 18, 2000)). Nor, on the record presently before the Court, can the Court find clear error in the magistrate judge's determination that Defendants' generalized allegations regarding the existence of the privilege do not suffice to carry their burden on that point. (D.E. 84 at 15). *See Dinler v. City of New York*, 607 F.3d 923, 944 (2d Cir. 2010). ("[T]he party asserting the law enforcement privilege bears the burden of showing that the privilege applies . . . ."). Moreover, to the extent that Defendants raise concerns that discovery could prejudice the investigations, the Court notes that

---

[1] As to the contention that the request to depose Aviles is abusive, Defendants' sole argument on this point is that Plaintiff has not deposed other witnesses who may have knowledge of Plaintiff's termination. (Obj. at 5). This argument does not establish that Pegoraro's request to depose Aviles is solely to harass, as Defendants claim.

5

Defendants have not yet addressed the possibility that a suitable protective order could ameliorate any concerns.

Finally, Defendants argue that the magistrate judge erred in awarding to Plaintiffs the expenses incurred in opposing Defendants' motion to quash. The magistrate judge relied on Federal Rule of Civil Procedure 37(a)(5), which provides in the context of a motion to compel that the court must award such reasonable expenses "after giving an opportunity to be heard," and must not award such expenses if the opposition to discovery was "substantially justified" or "other circumstances make an award of expenses unjust." (D.E. 84 at 7); Fed. R. Civ. Proc. 37(a)(5). It is not clear whether Defendants have been given an opportunity to be heard in opposing this award of sanctions. *See Sakon v. Andreo*, 119 F.3d 109, 114 (2d Cir. 1997); Armstrong Pump, Inc. v. Hartman, 2012 U.S. Dist. LEXIS 80745, at *18-19 (W.D.N.Y. June 11, 2012) (allowing the plaintiff an opportunity to respond in briefing to explain why sanctions should not issue). The magistrate judge has ordered that Plaintiff may file a motion for expenses incurred in opposing Defendants' motion and a briefing schedule, but does not appear to have requested briefing on the propriety of such an award. Moreover, at no point in the May 29, 2012 order did the magistrate judge assess whether Defendants' motion was "substantially justified" or explain whether an award of expenses would be "otherwise unjust." *See* Fed. R. Civ. Proc. 37(a)(5); *Thai Lao Lignite (Thailand) Co. v. Gov't of the Lao People's Democratic Republic*, 2011 U.S. Dist. LEXIS 103378 (S.D.N.Y. Sept. 12, 2011) (discussing the meaning of "substantially justified"). The Court does not foreclose the possibility that an award of expenses may be appropriate, but concludes that Defendants should be given a clear opportunity to be heard in opposition to such an award.

6

III.  CONCLUSION

The Court OVERRULES the objections to the May 29, 2012 order except that Defendants should be given an opportunity to explain why an award of expenses would not be appropriate.

SO ORDERED.

Dated: ~~August~~ Sept 4, 2012
New York, New York

ALISON J. NATHAN
United States District Judge