USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: OCT 19 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NONIE PEGORARO,

                Plaintiff,

       -v-

ERNESTO MARRERO, ET AL,

              Defendants.
------------------------------------------------------------------X

10 Civ. 00051 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

Defendants object to an order of the magistrate judge in this matter requiring them to produce a privilege log of certain materials submitted for *in camera* review. (D.E. 103).

## I. BACKGROUND AND PROCEDURAL HISTORY

On September 2, 2011, Plaintiff filed a motion to compel responses to certain discovery requests, *inter alia*, including requests seeking information about the investigations of the Office of the Inspector General that Plaintiff contended were relevant to this matter. (D.E. 35, 41). Defendants opposed this request asserting the law enforcement privilege, and provided the declaration of Lisa Lee, an OIG Deputy Inspector General, which attested that providing this information or a privilege log of the materials at issue would compromise the OIG's investigations. (D.E. 43, 44).

On November 2, 2011, Magistrate Judge Fox granted the motion to compel in part, including concerning the documents underlying the present dispute. (D.E. 48). Defendants objected to this decision, an objection that Judge Marrero overruled, adopting Magistrate Judge Fox's decision in its entirety. (D.E. 50, 53).

Defendants sought reconsideration of Judge Marrero's decision, reiterating the arguments they had previously made that disclosure of these documents would violate the law enforcement

privilege and compromise OIG's ability to conduct its investigations free of outside influence. (D.E. 54). Defendants further argued that "the only OIG documents relevant to plaintiff's lawsuit are the findings of OIG concerning plaintiff's complaint to OIG that she was terminated for filing complaints with the OIG." (D.E. 54). Judge Marrero held that the Defendants responses to the relevant discovery requests "may be limited to OIG findings relevant to plaintiff's claims at issue in this action. Any dispute as to relevance of these or other materials shall be addressed to the Magistrate Judge for resolution by *in camera* inspection of the disputed documents as necessary." (D.E. 54).

Plaintiff, in turn, sought clarification of this order, noting that Defendants had not produced a privilege log in this case and Plaintiff was, therefore, "unable to ascertain which documents are relevant." (D.E. 56). Plaintiff requested that the Court order the Defendants to produce a privilege log to enable Plaintiff to determine the relevancy of the disputed documents. (D.E. 56). Defendants submitted a response to Plaintiff's request for clarification arguing that preparing a privilege log would vitiate the privilege at issue. Judge Marrero granted Plaintiff's request and ordered the Defendants "to develop and submit to plaintiff and to Magistrate Judge Fox a privilege log of any such [disputed] documents." (D.E. 56). Judge Marrero further ruled that "[t]he concerns raised by defendants are primarily of a practical nature for which, working with Judge Fox, counsel should be able to find a suitable solution." (D.E. 55). The matter was transferred to the undersigned on February 29, 2012.

On June 28, 2012, Magistrate Judge Fox ordered Defendants to submit certain OIG materials concerning Plaintiff's termination for *in camera* review. (D.E.98). On July 18, 2012, Magistrate Judge Fox issued an order—now the subject of Defendants' objections—requiring them to "submit to the Court and the plaintiff a log describing all the materials, written and

2

audio, submitted for an *in camera* review to enable Plaintiff to challenge the log. (D.E. 103). Defendants now object to this order on the same grounds as their previous objections, arguing that preparation of a privilege log would itself vitiate the privilege, Local R. 26.2(a). Defendants further contend that Judge Marrero already held that the documents at issue need not be produced when he determined that Defendants responses to the relevant discovery requests "may be limited to OIG findings relevant to plaintiff's claims at issue in this action." (D.E. 54).

## II.   ANALYSIS

A district court will reconsider a magistrate judge's order on pretrial matters such as discovery disputes only where it has been shown that the order is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b); Fed. R. Civ. Proc. 72. A magistrate judge's order is clearly erroneous when the Court is left with "the definite and firm conviction that a mistake has been committed." *Moore v. Publicis Groupe SA*, 2012 U.S. Dist. LEXIS 19857 (S.D.N.Y. Feb. 14, 2012) (citing *Mobil Shipping and Transp. Co. v. Wonsild Liquid Carriers, Ltd.*, 190 F.3d 64, 67-68 (2d Cir. 1999)). A decision is contrary to law when the magistrate failed to apply or misapplied the relevant statutes, case law, or rules of procedure. *Id.* This standard of review is highly deferential, affording the magistrate judge broad discretion in resolving discovery disputes, and allows reversal only on a finding of abuse of discretion. *Id.* Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. *See Lyondell-Citgo Ref., LP v. Petroleos de Venez., S.A.*, 2004 U.S. Dist. LEXIS 26076 (S.D.N.Y. Dec. 24, 2004) (quoting *Anderson v. City of Bessemer City,* 470 U.S. 564, 574 (1985) and finding no clear error in reviewing a determination that certain documents were not privileged because the relevant documents could be interpreted several different ways); *see also United States v. Massey*, 2012 U.S. App. LEXIS 5334 (2d Cir. Mar. 14, 2012). "Thus, a party

seeking to overturn or modify a discovery order bears a heavy burden." *Lyondell-Citgo Ref., LP v. Petroleos de Venez., S.A.*, 2004 U.S. Dist. LEXIS 26076 (S.D.N.Y. Dec. 24, 2004).

Defendants have not shown that Magistrate Judge Fox's order was clearly erroneous or contrary to law. Judge Marrero's prior orders contemplate that discovery disputes regarding the relevance of documents related to Plaintiff's complaint to the OIG would be brought to Magistrate Judge Fox and, in fact, contain an express direction to Defendants to prepare a privilege log on the disputed materials. (D.E. 54, 56). When Defendants raised the same objections before Judge Marrero that they now present to the undersigned, Judge Marrero found them to be practical concerns to be addressed with Magistrate Judge Fox[1] and did not alter his decision that Defendants must provide a privilege log. (D.E. 55). In short, Defendants' objections have already been decided in the previous rulings in this matter. By the same token, to the extent that Defendants rely on the doctrine of law of the case, *Transition Invs., Inc. v. Allen O. Dragge, Jr. Family Trust*, 2012 U.S. Dist. LEXIS 70777, at *15 n.3 (S.D.N.Y. May 21, 2012), this argument cuts against their position rather than supporting it.

### III.  CONCLUSION

The Court OVERRULES the objections to the July 18, 2012 order.

SO ORDERED.

Dated: October 1\_, 2012
New York, New York

ALISON J. NATHAN
United States District Judge

---

[1] The Court notes, for example, that a suitable discovery confidentiality order limiting the disclosure of the privilege log to attorney's eyes only might be one way of addressing Defendants' concerns.