```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NONIE PEGORARO,                                  :

                    Plaintiff,                   :

         -against-                               :      MEMORANDUM AND ORDER

ERNESTO MARRERO, INDIVIDUALLY AND                :      10 Civ. 00051 (AJN)(KNF)
IN HIS CAPACITY AS CORPORATE
COMPLIANCE OFFICER; NEW YORK CITY                :
HEALTH AND HOSPITAL CORPORATION;
ALAN AVILES, PRESIDENT, NEW YORK CITY            :
HEALTH AND HOSPITAL CORPORATION;
CITY OF NEW YORK,                                :

                    Defendants.                  :
------------------------------------------------------------X
```
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

By a memorandum and order, dated May 29, 2012, the Court denied the movants'[1] motion for a protective order and to quash subpoenas seeking the depositions of defendant Alan Aviles and non-parties Lisa Lee and Louis Panarella and directed the plaintiff to file a motion for reasonable expenses incurred in opposing the movants' motion, as provided by Rule 37(a)(5)(B) of the Federal Rules of Civil Procedure. On September 4, 2012, the assigned district judge overruled the defendants' objections to the May 29, 2012 order, noting that "[i]t is not clear whether the Defendants have been given an opportunity to be heard in opposing this award of sanctions," and the Court did not "assess whether Defendants' motion was 'substantially justified' or explain whether an award of expenses would be 'otherwise unjust.'" The assigned district judge's September 4, 2012 order concluded that "Defendants should be given an

---

[1] The movants are defendant Alan Aviles and non-parties Lisa Lee and Louis Panarella.

1

opportunity to explain why an award of expenses would not be appropriate." On September 20, 2012, the Court directed the: (1) movants to serve and file a writing explaining why an award of the expenses incurred by the plaintiff in opposing the movants' motion would not be appropriate, pursuant to Rule 37(a)(5); (2) plaintiff to serve and file any response; and (3) movants to serve and file any reply. The parties filed their respective writings.

*Movants' Contentions*

The movants contend, making citation to Rule 37(a)(5)(A)[2] of the Federal Rules of Civil Procedure, that "sanctions are not warranted because the movants attempted to resolve the depositions of President Alan Aviles and non-parties Lisa Lee and Louis Panarella prior to moving for a protective order." In support of this contention, the movants submitted e-mail messages, dated March 9 and June 9, 2011. The March 9, 2011 e-mail message is from the plaintiff's attorney to the movants' attorney, stating:

> The first two depositions are scheduled for March 18, 2011. You indicated you might object to some of the witness[es]. I sent emails to you regarding our reasons for calling the deponents you express concern about but you did not respond. I am about to schedule a court reporter. Let me know if you object to any of the deponents so I can request judicial intervention.

The June 9, 2011 e-mail message is from the movants' attorney to the plaintiff's attorney, providing the movants' attorney's availability in June and July 2011, stating, in pertinent part, "I will check the witnesses for their availability and let you know the dates the witnesses can appear." According to the movants, "[p]rior to moving for a protective order, defendants also requested a pre-motion conference, in a letter dated April 19, 2012, in the event the discovery

---

[2] The movants erroneously make citation to Fed. R. Civ. P. 37(a)(5)(A), which applies when a motion for a protective order is granted. Since the movants' motion for a protective order was denied, see Docket Entry No. 84, Fed. R. Civ. P. 37(a)(5)(B) applies, not Fed. R. Civ. P. 37(a)(5)(A).

dispute can be resolved without motion practice," which the Court denied, directing the movants to make their motion by April 24, 2012.

The movants contend "there is no evidence of any bad faith to warrant a discovery sanction" because

> [t]he objections to producing President Aviles, Deputy Inspector General Lisa Lee, and Supervising Confidential Investigator Louis Panarella for deposition was not in contravention of a Court order, but grounded in good faith objections and prior cases precluding the depositions of high-level officials and the disclosure of information which violates the law enforcement privilege.

Furthermore, the movants contend, sanctions should not be imposed because they "were unfairly surprised by the sanctions," and they "were never advised prior to moving for a protective order that sanctions could be imposed." The movants maintain that they

> were not informed, either in response to defendants' April 19, 2012 request for a pre-motion conference, or during the April 4, 2012 Court conference where the Court was informed that defendants may move for a protective order and permitted plaintiff "to attempt to examine orally Alan Aviles, Dr. Ramanathan Raju, Lisa Lee, and Louis Panarella." . . . Thus, the imposition of sanctions was without prior warnings.

The movants contend:

> The imposition of sanctions is also surprising considering the prior unsuccessful discovery motions made by plaintiff where defendants were never awarded attorneys' fees for successfully opposing such motions. For example, on August 25, 2011, after defendants submitted their opposition to plaintiff's motion, the Court denied plaintiff's motion to compel for failing to comply with Local Civil Rule 7.1. . . . After having the benefit of reviewing defendants' opposition, plaintiff then submitted a revised motion to compel on September 1, 2011 that contained newfound arguments that mooted, in part, defendants' opposition. Defendants thus expended unnecessary time and resources drafting opposition to arguments contained in plaintiff's first motion to compel that were not contained in her second motion to compel of September 1, 2011. . . . Defendants, however, were not awarded their attorneys' fees despite the denial of plaintiff's first motion to compel in its entirety.

Similarly, the "[d]efendants were also not awarded their attorneys' fees after plaintiff's substantially unsuccessful September 1, 2011 second motion to compel." The movants maintain that "[f]undamental fairness should dictate that parallel actions create parallel results and plaintiff should not be awarded attorneys' fees for opposing defendants' and non-parties' motion for a protective order."

*Plaintiff's Contentions*

The plaintiff contends that sanctions are warranted because the "defendants have failed to produce Alan Aviles, Lisa Lee and Louis Panarella on more than one occasion in this case, and most recently on June 29, 2012 and May 16, 2012, as required by the April 6, 2012 Order and subsequent Order." According to the plaintiff, "[t]he Defendants are disingenuous in stating that they attempted to resolve the depositions of Aviles, Lee and Panarella," and their "email communications from June 2011 . . . are irrelevant to the sanctions imposed on them." The plaintiff contends that the sanctions were imposed on the defendants

> based on their refusal to comply with court ordered depositions, filing of needless discovery motions, and other actions that occurred after June 2011. The Defendants['] continued refusal to produce these witnesses demonstrates that they never intended to resolve this situation nor was their failure to appear for the scheduled depositions in good faith. The Defendants did not argue any new point but simply recycled the arguments rejected by the Court in their previous submissions.

The plaintiff invokes Rule 37(d)[3] of the Federal Rules of Civil Procedure, contending that sanctions are warranted because the defendants "failed to produce Defendants and necessary witnesses for depositions for almost two (2) years," and the sanctions were "both appropriate

---

[3] The plaintiff erroneously invokes Fed. R. Civ. P. 37(d), which does not apply here. Unlike Rule 37(a)(5), Rule 37(d) requires a party seeking sanctions to make a motion for sanctions, and no such motion was made by the plaintiff.

4

and necessary, since the Defendants failed to comply with the Court's reasonable Order."
Furthermore, the movants' argument that they were surprised by the sanctions is meritless
because the "record is littered with notices to the defendants of their failure to comply with
court discovery orders and rules," as well as their inappropriate behavior, including that they
"did not show up for the last three depositions scheduled pursuant to this court's order forcing
Plaintiff to incur unnecessary deposition costs for the first day on June 29, 2012," involving a
court reporter. Thus, imposing sanctions for the defendants' constant failure to comply with
their discovery obligations and "for subjecting Plaintiff, an individual party, to meritless
discovery motion practice," is warranted.

***Movants' Reply***

The movants contend that the plaintiff failed to cite any Court orders "which defendants allegedly violated . . . because none exist. This Court never issued an order directing Alan Aviles, Lisa Lee, or Louis Panarella to appear for deposition and defendants never refused to comply with an order of this Court." According to the movants, "[o]n April 10, 2012, plaintiff served on Aviles, Lee, and Panarella, notices of their depositions to begin less than two weeks later on April 23, 25, and 26, 2012. On April 19, 2012, prior to any of the depositions and in accordance with [the Court's]s Individual Rule 2(A), defendants requested a pre-motion conference prior to moving for a protective order," on April 24, 2012. The movants maintain that their motion for a protective order was pending at the time the plaintiff sought depositions. Moreover, the defendants did not fail to comply with their discovery obligations or with any order of the Court.

***Legal Standard***

"A party or any person from whom discovery is sought may move for a protective order

in the court where the action is pending," and "[i]f a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery." Fed. R. Civ. P. 26(c), passim. Rule 26(c) provides that "Rule 37(a)(5) applies to the award of expenses" in connection with a motion for a protective order. Fed. R. Civ. P. 26(c)(3).

Rule 37(a)(5)(B) governs payment of expenses incurred in relation to a motion for a protective order which is denied by a court:

> If the motion is denied, the court . . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B).

"Thus the rule is mandatory unless one of the conditions for not making an award is found to exist, but these conditions are themselves broad enough that the court retains some discretion in the matter," and "the burden of persuasion [is] on the losing party to avoid assessment of expenses and fees rather than . . . on the winning party to obtain such an award." 8B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2288 (3d ed. 2010).

For the purposes of Rule 37(a)(5), making a motion is substantially justified "if there is a 'genuine dispute,' or 'if reasonable people could differ as to the [appropriateness of the contested action].'" Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 2550 (1988) (internal citations omitted). The court is empowered to find that other circumstances make an award of expenses unjust, for example "where the prevailing party also acted unjustifiably."

Advisory Committee Notes on 1970 Amendment to Fed. R. Civ. P. 37(a)(4).

***Application of Legal Standard***

The movants' motion for a protective order, made pursuant to Fed. R. Civ. P. 26(c), was denied by the Court on May 29, 2012. See Docket Entry No. 84.  Therefore, the Court must order the payment of expenses, unless the movants satisfy their burden of persuasion by demonstrating that their motion for a protective order was substantially justified or other circumstances make an award of expenses unjust.  See Fed. R. Civ. P. 26(c)(3); Fed. R. Civ. P. 37(a)(5)(B).  The movants argue that sanctions are not warranted because: (1) they attempted to resolve the controversy over the depositions at issue prior to moving for a protective order; (2) they did not act in bad faith, as their opposition to the depositions was "grounded in good faith objections and prior cases precluding the depositions of high-level officials and the disclosure of information which violates the law enforcement privilege"; (3) they were "unfairly surprised" because they were "never advised prior to moving for a protective order that sanctions could be imposed"; and (4) it would be unfair to award attorney's fees to the plaintiff where attorney's fees were not awarded to the defendants, when the plaintiff's motions to compel were denied.

<u>Whether the Motion for a Protective Order Was Substantially Justified</u>

Good faith in making a motion for a protective order is not the standard by which courts assess whether to award expenses under Rule 37(a)(5)(B).  Nevertheless, the Court has determined to consider the movants' contention, that they made their motion for a protective order by relying on "prior cases precluding the depositions of high-level officials and the disclosure of information which violates the law enforcement privilege," in determining whether the protective order motion was substantially justified.  However, the movants'

contention, without more, is not sufficient to satisfy their burden in opposing the mandatory award of expenses under Rule 37(a)(5), of showing that their protective order motion was substantially justified because: (a) a genuine dispute over the depositions at issue existed; or (b) reasonable people could differ respecting the appropriateness of the motion.  See Pierce, 487 U.S. at 565, 108 S. Ct. at 2550.  The movants' e-mail messages, dated March 9 and June 9, 2011, to which they refer in their writing, do not demonstrate that the movants' motion for a protective order was substantially justified.  Having failed to make any showing that making the protective order motion was substantially justified, the movants failed to satisfy their burden of demonstrating that awarding attorney's fees to the plaintiff, in connection with opposing the movants' motion, pursuant to Rule 37(a)(5)(B), is not warranted.

        Whether Other Circumstances Make an Award of Expenses Unjust

        The movants contend they were "unfairly surprised" by the award of expenses because they were "never advised prior to moving for a protective order that sanctions could be imposed."  The movants fail to make citation to any authority requiring a court to advise movants, prior to their making a motion for a protective order, that sanctions could be imposed pursuant to Rule 37(a)(5), and the Court finds none.  Rule 26 of the Federal Rules of Civil Procedure, governing protective orders, provides explicitly that "Rule 37(a)(5) applies to the award of expenses."  The cases to which the movants make citation, Update Art, Inc. v. Modiin Publ'g, 843 F.2d 67 (2d Cir. 1988) and Simmons II v. Abruzzo, 49 F.3d 83 (2d Cir. 1995), are inapposite, as they do not involve an award of expenses pursuant to Rule 37(a)(5).  In Update Art Inc., the sanctions were imposed because the defendants "unjustifiably failed to comply with the magistrate's reasonable orders compelling discovery," 843 F.2d at 72, and in Simmons II, the court dismissed the complaint based either on "failure to comply with Rule 8 or . . .

failure to comply with a court order" under Rule 41(b), but the record showed no evidence that the court "dismissed the amended complaint because [the plaintiff] had failed to submit to discovery." 49 F.3d at 87-88. Therefore, the movants' contention that they were "unfairly surprised by the sanctions" because the Court did not advise them, prior to their making the protective order motion, "that sanctions could be imposed," is rejected as meritless.

      The movants also contend that it would be unfair to award attorney's fees to the plaintiff where attorney's fees were not awarded to the defendants, when the plaintiff's motions to compel were denied. This argument is also meritless. The plaintiff's first motion to compel was denied, not on the merits, but based on a procedural deficiency, namely the plaintiff's failure to comply with Local Civil Rule 7.1 of this court, <u>see</u> Docket Entry No. 33, by not submitting: (i) a notice of motion; (ii) a memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided under appropriate headings, into as many parts as there are issues to be determined; and (iii) supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion. The movants fail to make citation to any authority for the proposition that Rule 37(a)(5) applies when a plaintiff's motion to compel is denied on procedural grounds only, without consideration on the merits, such as in the circumstance present here, where no memorandum of law was submitted by the plaintiff in support of the motion to compel. It is not clear how the defendants could oppose the plaintiff's first motion to compel, absent the plaintiff's memorandum of law containing arguments and authorities in support of those arguments. Moreover, the movants do not identify what "newfound arguments" the plaintiff's second motion to compel contained that the plaintiff's first motion to compel did not contain, which they claim "mooted, in part, defendants' opposition." The "Defendants' Memorandum

of Law in Opposition to Plaintiff's Motion to Compel," dated August 19, 2011, Docket Entry No. 29, contains an identical "Table of Contents" as the "Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Compel," dated September 8, 2011, Docket Entry No. 43, except for the page numbers and an additional entry entitled "Table of Contents" in the August 19, 2011 memorandum of law. Both memoranda of law contain the same arguments, as stated in the movants' "Table of Contents" page:

> ARGUMENT
> POINT I
> THE PRESIDENT AND EXECUTIVE VICE-PRESIDENT OF HHC DO NOT POSSESS ANY UNIQUE PERSONAL KNOWLEDGE
>
>     A.    Background
>     B.    The Standard for Obtaining Depositions of High Level Officials
>     C.    President Aviles Does Not Possess Unique Personal Knowledge
>     D.    Dr. Ramanathan Raju Does Not Possess Unique Personal Knowledge
>
> POINT II
> THE OIG SHOULD NOT BE DEPOSED ABOUT OPEN AND ACTIVE INVESTIGATIONS
>
> POINT III
> PLAINTIFF'S DOCUMENT REQUESTS AND INTERROGATORIES

Therefore, without identifying what "newfound arguments" the plaintiff's second motion to compel contained that her first motion to compel did not, and what arguments in the plaintiff's first motion to compel – which the defendants allegedly expended time and resources opposing unnecessarily – were absent from her second motion to compel, the defendants have rendered the Court unable to understand the defendants' argument that their attorney's fees should have been awarded.

Furthermore, the movants' contention that they should have been awarded their attorneys' fees, "after plaintiff's substantially unsuccessful September 1, 2011 second motion to compel," has no merit. Unlike the plaintiff's opposition to the movants' motion for a protective order, in which the plaintiff sought attorney's fees as a sanction for the movants' engaging "in an unnecessary motion that has stalled discovery," the defendants did not seek attorney's fees in their opposition to the plaintiff's September 1, 2011 motion to compel, and awarding attorney's fees where the motion to compel is granted in part and denied in part is not mandatory, but at the court's discretion. See Fed. R. Civ. P. 37(a)(5)(C). While the movants's contention that "[f]undamental fairness should dictate that parallel actions create parallel results" may be appealing, parallel actions are not present here that might "create parallel results." Accordingly, the movants failed to satisfy their burden of showing that other circumstances make an award of expenses unjust.

*Conclusion*

The movants failed to satisfy their burden of persuasion by demonstrating that: (1) their motion for a protective order was substantially justified; or (2) other circumstances make an award of expenses unjust, as required by Fed. R. Civ. P. 37(a)(5)(B). Therefore, the Court finds that awarding attorney's fees to the plaintiff, in connection with opposing the movants' motion for a protective order, is warranted. Accordingly, IT IS HEREBY ORDERED that

(A)     on or before December 12, 2012, the movants shall serve and file their response to the plaintiff's motion for reasonable expenses, Docket Entry No. 86; and

(B)     on or before December 19, 2012, any reply shall be served and filed.

Dated: New York, New York  
November 28, 2012

SO ORDERED:

*Kevin Nathaniel Fox*  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE