UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NONIE PEGORARO,                                    :

                              Plaintiff,           :

              -against-                            :        **MEMORANDUM AND ORDER**

ERNESTO MARRERO, INDIVIDUALLY AND       :        10 Civ. 00051 (AJN)(KNF)
IN HIS CAPACITY AS CORPORATE
COMPLIANCE OFFICER; NEW YORK CITY       :
HEALTH AND HOSPITAL CORPORATION;
ALAN AVILES, PRESIDENT, NEW YORK CITY :
HEALTH AND HOSPITAL CORPORATION;
CITY OF NEW YORK,                                 :

                              Defendants.          :
-------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

On November 28, 2012, the Court determined that awarding reasonable expenses,

pursuant to Rule 37(a)(5)(B) of the Federal Rules of Civil Procedure, incurred by the plaintiff in

opposing a motion for a protective order, made by defendant Alan Aviles and non-parties Lisa

Lee and Louis Panarella (the "movants"), is warranted.  Before the Court is the plaintiff's

application for reasonable expenses, including attorney's fees.  The movants oppose the

application.

***Plaintiff's Contentions***

The plaintiff seeks $11,906.25, based on her counsel's hourly rate of $375 and his

expenditure of 31.75 hours opposing the movants' motion for a protective order.  The plaintiff

contends the expenses are reasonable because they are already discounted by excluding the

following: "legal services of another attorney, administrative assistance and a legal intern who

served in a support role, telephone costs, legal research costs, messenger and courier costs, and

1

copying costs." According to the plaintiff, $375 is a reasonable hourly rate "relative to other attorneys located in New York City." For example, the plaintiff contends that, in 2011 the National Law Journal published a survey demonstrating "that the market for partner hourly rates is between $600 and $1,100" in New York City, making the plaintiff's claimed rate reasonable. In support of the application, the plaintiff's counsel submitted his declaration, accompanied by: (i) biographical information; (ii) an itemized invoice for $11,906.25, dated June 5, 2012, for the work performed from April 20 to May 3, 2012, preparing and filing the plaintiff's response to the movants' motion; (iii) a New York Regional Report from the "Westlaw CourtExpress Legal Billing Report Volume 13, Number 3, December 2011"; (iv) an "ALM An Interactive Media Company 2011 NLJ Billing Survey"; (v) an article from the "Blog by Martindale-Hubbell," entitled "New Report Finds Law Firm Hourly Billing Rates Continuing to Rise," dated June 5, 2012; and (vi) a proposed order.

Counsel to the plaintiff received his law degree from New York Law School in 1999 and is experienced in litigating cases in New York and New Jersey, where he is licensed to practice. He contends he has intimate knowledge of New York City's "inner workings" because he assisted in implementing New York City rules, personnel policy and procedures as well as several collective bargaining agreements entered into with New York City. Moreover, counsel to the plaintiff states, he "has previous experience and knowledge in working with New York City Health and Hospitals Corporation ("HHC")," and handled "a similar whistle-blowing case against HHC." The plaintiff contends her counsel's hourly rate is within the range of rates in this judicial district and is reasonable in light of his labor-related employment history as well as his "substantial experience in employment and civil rights cases."

2

***Movants' Contentions***

       The movants do not oppose counsel's hourly rate of $375 but contend that the plaintiff's application requests compensation for "unnecessary, excessive and duplicative work." According to the movants, their "motion for a protective order predominantly repeated the same arguments defendants successfully raised in opposing two prior motions to compel made by plaintiff that sought the depositions of [the movants], the same depositions that were the subject of defendants' motion to quash," and no need existed for counsel to spend 31.75 hours "to research and repeat arguments that were made twice before."  The movants contend that their "motion for a protective order was a self-contained and discrete issue," and the 2.5 hours plaintiff's counsel expended "[reviewing] case records" and "another 4 attorney hours [researching] case law that was cited in two prior motions is excessive" and "can only be described as an unnecessary duplication of work."  The movants also contend that "3.5 attorney hours to compile and review the 17 exhibits that were included in plaintiff's opposition . . . is not the function of an experienced litigator," and "should be performed by a paralegal or junior associate."  The movants oppose compensating the plaintiff for the "six attorney hours [used] to draft plaintiff's declaration," because their motion for a protective order "contained similar arguments that were contained in defendants' opposition to plaintiff's two prior motions to compel."  According to the movants, "plaintiff submitted a declaration in support of her two prior motions to compel and the identical declaration could have been submitted to oppose defendants' motion."  The movants assert that the issues the plaintiff opposed "were hardly unique or novel" and, based on counsel's asserted knowledge and experience, 31.75 hours expended in opposing the movants' motion is excessive.

*Plaintiff's Reply*

The plaintiff does not deny that "the issues involved in Defendants' protective order are similar to issues raised in their two previous motions to quash subpoenas and attack Plaintiff's discovery requests," but contends "the issues are not entirely identical because there are differences involved in the two separate motions," and it was "imperative for plaintiff to thoroughly compare discovery and case documents as they apply to each specific argument." According to the plaintiff, "[i]t would be irresponsible of plaintiff to simply recycle in its entirety . . . arguments made in a previous motion as a proper response to this motion." The plaintiff contends that complex issues are present in this action, detailed in "a fifty-page complaint," and it was important for the plaintiff to check "defendants' multiple motions, objections, and reconsideration requests in order to properly respond to the motions that Defendants file." The plaintiff asserts that "Defendants as public entities have far more legal and administrative resources than the Plaintiff," and the "Plaintiff has an obligation to review the motion and to analyze it in the way Plaintiff deems fit and necessary in order to properly respond to the Defendants' contentions," and not based on the movants' "own view of what they deem necessary." The plaintiff contends that spending 2.5 hours reviewing the case records is not excessive because the case records "[include] discovery motions, letters requesting motions, deposition transcripts, the complaint, and other relevant documents," and "four hours of research on this motion is not excessive in light of the fact that Plaintiff believes that the testimony from these witnesses is critical to her case." Furthermore, since counsel to the plaintiff "has a more intimate familiarity with the structure and inner workings of New York Municipal Government, the attorney undertook to personally review [17] exhibits" because it was more efficient for him to do so, in light of the short period of time the plaintiff had to file her opposition to the motion.

Similarly, "the six hours Plaintiff spent on drafting Plaintiff's . . . 26-page affirmation" was necessary to provide the Court with the plaintiff's extensive and relevant experience in this matter and to describe her duties and responsibilities while she was employed by HHC.

***Legal Standard***

When exercising their discretion to determine the reasonableness of the attorney's fees, courts in this Circuit use the "presumptively reasonable fee" standard. Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008). The presumptively reasonable fee, also known as the lodestar, is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011). In calculating the presumptively reasonable fee, a district court must consider, among others, the twelve factors articulated in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). See Arbor Hill, 522 F.3d at 190. Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Id. at 186-87 n.3.

A fee application that is not supported by evidence of "contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done" should, normally, be denied. New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983).

5

*Application of Legal Standard*

The movants do not oppose the plaintiff's request that her fee award be calculated at the hourly rate of $375.  The Court finds the hourly rate of $375 to be reasonable based on the attorney's experience, knowledge and background. The only issue in dispute is whether 31.75 hours spent by the plaintiff's attorney opposing the movants' motion for a protective order is reasonable.

The movants' contention that counsel did not need to spend "31.75 hours to research and repeat arguments that were made twice before," is disingenuous because: (1) the movants made the arguments against conducting their depositions for the first time in their opposition to the plaintiff's first motion to compel, Docket Entry No. 29, to which the plaintiff did not reply; (2) the plaintiff also did not reply to the movants' arguments against conducting their depositions, made in their opposition to the plaintiff's second motion to compel, Docket Entry No. 43; and (3) the plaintiff's arguments in favor of conducting the movants' depositions, made in her second motion to compel, Docket Entry No. 41, do not address the authorities or the substance of the movants' arguments made in their opposition to the plaintiff's first motion to compel. Therefore, the Court rejects the argument that the expenditure, by counsel to the plaintiff, of "31.75 hours to research and repeat arguments that were made twice before" is unreasonable because the record does not indicate that the arguments made by the movants in their opposition to the plaintiff's first and second motions to compel were researched and addressed substantively by the plaintiff, prior to the movants' motion for a protective order.

Moreover, while the movants' motion for a protective order "contained similar arguments that were contained in [their] opposition to plaintiff's two prior motions to compel," the mere similarity in the arguments does not establish that the hours spent opposing the motion

for a protective order were excessive, unnecessary and duplicative, especially where that motion contained two new arguments, namely that: (1) "the subpoena should be quashed because plaintiff did not provide notice of the subpoenas to all parties"; and (2) "the motion to quash should be granted because law of the case and plaintiff's failure to appeal the denial of her prior attempts to depose these three individuals bars the instant subpoenas."  The plaintiff addressed the substance of the movants' arguments against conducting their depositions for the first time, in her opposition to the motion for a protective order, Docket Entry No. 76.  Moreover, the Court relied on the plaintiff's declaration in support of her opposition to the motion for a protective order, when it denied the movants' motion.  See Docket Entry No. 84.  Thus, the plaintiff's detailed declaration was necessary to refute the movants' argument that defendant Alan Aviles should not be deposed because he does not possess unique personal knowledge relevant to the plaintiff's action.

The movants' argument that the "compilation and review of motion exhibits is not the function of an experienced litigator," and should have been performed by a paralegal or junior associate, is refuted by the plaintiff because it was not unreasonable for her counsel, who is familiar "with the structure and inner workings of New York City Municipal Government" and whose time to file his client's response to a motion is short, to undertake personally the review and compilation of exhibits, as that was a more efficient use of his small firm's resources. Although the arguments raised by the movants against conducting their depositions are neither unique nor novel, the factual allegations in this case are dense and not as simple as those found typically in a wrongful termination of employment case based on a whistle-blowing claim. Given that: (1) the plaintiff did not address the substance of the movants' arguments against conducting their depositions that were raised in their opposition to her motions to compel, prior

7

to opposing the movants' motion for a protective order; and (2) the movants raised two additional arguments in their motion, the Court finds that, in the circumstances of the instant case, the 31.75 hours spent by the plaintiff's attorney reviewing, researching and drafting documents necessary to oppose the motion, are reasonable.

***Conclusion***

For the foregoing reasons, the plaintiff's application, Docket Entry No. 86, is granted, and the Court directs the movants to pay the plaintiff $11,906.25, the reasonable expenses she incurred in opposing the movants' motion for a protective order.

Dated: New York, New York          SO ORDERED:
          January 4, 2013

                                   _____
                                   KEVIN NATHANIEL FOX
                                   UNITED STATES MAGISTRATE JUDGE