USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: APR 0 9 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NONIE PEGORARO,
                Plaintiff,

-v-

                10 Civ. 00051 (AJN)

ORDER

ERNESTO MARRERO, ET AL.,
                Defendants.
------------------------------------------------------------------X

ALISON J. NATHAN, District Judge:

    Defendants object to two of Magistrate Judge Fox's determinations, which awarded attorney's fees to Plaintiff who successfully challenged Defendants' motion for a protective order and to quash certain of Plaintiff's subpoenas. For the reasons discussed below, the Court adopts Magistrate Judge Fox's determinations in their entirety. The Court assumes knowledge of the relevant facts and procedural history.

**Analysis**

    Pursuant to Federal Rule of Civil Procedure 54(d)(2)(D), when reviewing a magistrate judge's decision on a motion for attorney's fees, the Court will treat that motion as a "dispositive pretrial matter" and review the decision *de novo*. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also Choudhury v. Barnhart,* No. 04 Civ. 142, 2005 WL 2592048, at *1 (S.D.N.Y. Oct. 11, 2005) (noting this special standard of review for magistrate judges' decisions on motions for attorney's fees).

    On December 12, 2012, and January 18, 2013, Defendants timely objected under Federal Rule of Civil Procedure 72 to Magistrate Judge Fox's orders, dated November 28, 2012, and January 4, 2012. *See* Fed. R. Civ. P. 72. In their objections, Defendants argue that Magistrate Judge Fox's decision to award attorney's fees, (Dkt. No. 117), and the amount of attorney's fees

awarded, (Dkt. No. 121), were both incorrect. Before Magistrate Judge Fox, Defendants argued that attorney's fees were inappropriate because they had attempted to resolve the underlying issue prior to moving for a protective order, that there was no evidence of bad faith, that the sanctions were an unfair surprise, and that imposing sanctions would be inequitable under the circumstances. In their Rule 72 submission, Defendant's now argue that their motion was entirely reasonable under the circumstances, that sanctions are inappropriate, and that the awarded fees should be reduced. Plaintiff argues that both decisions were correct, that Defendants' Rule 72 objections are irrelevant or reargue issues on which the Court has already ruled against Defendants, and that the amount of attorney's fees awarded was correct under the facts and circumstances.

In his Memorandum and Order on November, 28, 2012, Magistrate Judge Fox determined that Defendants had failed to meet their burden under Rule 37(a)(5)(B) to show that their motion for a protective order and to quash certain of Plaintiff's subpoenas was "substantially justified or [that] other circumstances make an award of expenses unjust." (Dkt. No.117 (quoting Fed. R. Civ. P. 37(a)(5)(B))) Having conducted a *de novo* review -- limited to the arguments presented to Magistrate Judge Fox, (Dkt. No. 114), *see Jones v. Smith*, No. 09 Civ. 6497, 2012 WL 1592190, at *8 (S.D.N.Y. May 7, 2012); *La Torres v. Walker*, 216 F. Supp. 2d 157, 160 n.3 (S.D.N.Y. 2000) -- the Court determines that it would have come to the same conclusion as Magistrate Judge Fox for substantially the same reasons. The Court does not reach the merits, if any, of any argument Defendants raise in their Rule 72 submission that was not timely raised and considered by Magistrate Judge Fox. *Id.*

In his Memorandum and Order on January 4, 2013, Magistrate Judge Fox applied the Second Circuit's "presumptively reasonable fee" standard, *see Arbor Hill Concerned Citizens*

*Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008), and determined that Plaintiff's counsel's fees, as submitted, were reasonable. Defendants do not, here, challenge the legal rationale for this decision, but instead argue that the fees were excessively high given the facts of the case. Having reviewed the parties' submissions and Magistrate Judge Fox's decision, the Court disagrees with Defendants and adopts Magistrate Judge Fox's Memorandum and Order in its entirety.

**Conclusion**

For the reasons discussed herein, the Court adopts Magistrate Judge Fox's Memorandum and Order dated November 28, 2012, (Dkt. No. 117), and his Memorandum and Order dated January 4, 2013, (Dkt. No. 121), and directs Defendants to pay Plaintiff $11,906.25, the reasonable expenses incurred in opposing Defendants' motion.

SO ORDERED.

Dated: April 9, 2013
New York, New York

_____
ALISON J. NATHAN
United States District Judge

3